**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HORACE GOZON FRIEND,
  *Plaintiff-Appellant*,

v.

ERIC H. HOLDER, JR., Attorney
General; DEPARTMENT OF
HOMELAND SECURITY; UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
  *Defendants-Appellees*.

No. 10-55906

D.C. No.
8:09-cv-00165-
JVS-AN

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
February 13, 2013—Pasadena, California

Filed April 30, 2013

Before: Marsha S. Berzon and Paul J. Watford, Circuit
Judges, and James G. Carr, Senior District Judge.[*]

Opinion by Judge Watford

---

[*] The Honorable James G. Carr, Senior United States District Judge for
the Northern District of Ohio, sitting by designation.

## SUMMARY[**]

### Immigration

The panel affirmed the district court's summary judgment dismissal of Horace Gozon Friend's action brought under 8 U.S.C. § 1503(a) seeking a declaratory judgment that he is a United States citizen, although he was born in the Philippine Islands, because his father was a U.S. citizen.

In *Friend v. Reno*, 172 F.3d 638 (9th Cir. 1999), this court held that Friend's father could not transmit citizenship to him under Revised Statutes § 1993, the law in effect when he was born in 1931, because his father never resided in the United States. In the present case, the panel held that the Nationality Act of 1940, which liberalized the residency requirement, did not apply retroactively to Friend.

### COUNSEL

Douglas D. Janicik (argued), Steptoe & Johnson LLP, Phoenix, Arizona, for Plaintiff-Appellant.

Craig A. Defoe (argued), Trial Attorney; Tony West, Assistant Attorney General; J. Max Weintraub, Senior Litigation Counsel, United States Department of Justice, Civil Division, for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

WATFORD, Circuit Judge:

The plaintiff in this action, Horace Friend, contends that he is, and has been since birth, a United States citizen. His long quest to obtain official recognition of that status began in 1990, when he first applied for a certificate of citizenship. Mr. Friend claimed to be a citizen under Revised Statutes § 1993, the relevant law in effect at the time of his birth in 1931. Section 1993 provided:

> All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States.

Mr. Friend was born in the Philippine Islands, which were then a territorial possession of the United States but were nonetheless deemed "out of the limits and jurisdiction of the United States" for purposes of § 1993. *See Friend v. Reno*, 172 F.3d 638, 642 (9th Cir. 1999). Mr. Friend's father was a United States citizen at the time of Mr. Friend's birth, and had lived his entire life in the Philippines. Mr. Friend's mother was a non-citizen national of the United States.

When Mr. Friend first came before this court in 1999, we rejected his citizenship claim under Revised Statutes § 1993. *Friend*, 172 F.3d at 648. We held that although Mr. Friend's father was a United States citizen, he could not transmit his

citizenship to his son under § 1993 because he had never resided "in the United States," as the statute required. We rejected Mr. Friend's argument that his father's residence in the Philippines should qualify as residence in the United States. *Id.* at 645.

In so holding, we noted that if Mr. Friend's claim had been governed by the Nationality Act of 1940 (the 1940 Act), he would indeed be a citizen. *Friend*, 172 F.3d at 643. The 1940 Act superseded § 1993 and, among other things, liberalized the applicable residency requirement for transmitting citizenship to children born abroad by allowing the citizen parent to have resided in either the United States or one of its outlying possessions prior to the child's birth. *See* Nationality Act of 1940, Pub. L. No. 76-853, § 201(e), 54 Stat. 1137, 1138.[1] Because the Philippine Islands were considered an outlying possession of the United States until 1946, *see Rabang v. INS*, 35 F.3d 1449, 1451 (9th Cir. 1994), Mr. Friend's father would have satisfied § 201(e)'s residency requirement. *Friend*, 172 F.3d at 643. But we made clear that "Rev. Stat. § 1993 is the statute that controls the outcome of this case," because the applicable law governing transmittal of citizenship is ordinarily "the statute that was in effect at the time of the child's birth." *Id.* at 641 (internal quotation marks omitted).

---

[1] Section 201(e) of the 1940 Act provided: "The following shall be nationals and citizens of the United States at birth: . . . A person born in an outlying possession of the United States of parents one of whom is a citizen of the United States who resided in the United States or one of its outlying possessions prior to the birth of such person." Section 201(e) was repealed in 1952; its current analogue can be found at 8 U.S.C. § 1401(e).

Our ruling did not end the matter. Mr. Friend subsequently filed a second application for a certificate of citizenship, this time grounding his claim on the 1940 Act, notwithstanding our earlier conclusion that Revised Statutes § 1993 was controlling. When we decided Mr. Friend's first appeal, he believed his parents had been married at the time of his birth. Mr. Friend now claims that newly discovered evidence, not available earlier, shows that in fact his parents did not marry until 1958, when he was 27 years old. Mr. Friend argues that, as a child born out of wedlock, he is covered by a special provision of the 1940 Act that made § 201(e) applicable retroactively to children born out of wedlock before the Act's effective date. *See* Nationality Act of 1940 § 205, 54 Stat. at 1139–40. After the United States Citizenship and Immigration Services denied his application and dismissed his administrative appeal, Mr. Friend filed this action under 8 U.S.C. § 1503(a) seeking a declaratory judgment that he is a citizen of the United States. The district court ruled against Mr. Friend on cross-motions for summary judgment, granting the government's motion and denying his.

Like the district court, we find it unnecessary to resolve whether Mr. Friend was in fact born out of wedlock. For purposes of this decision we will assume that he was. Even with that factual hurdle cleared, however, two separate obstacles bar Mr. Friend's citizenship claim under the 1940 Act.

The first obstacle relates to the retroactivity issue. The 1940 Act was obviously not the law in effect at the time of Mr. Friend's birth in 1931, so he must establish that the Act applies retroactively to individuals born before its effective date. Congress passed the 1940 Act in view of the background rule that "a statute cannot be construed to operate

retrospectively unless the legislative intention to that effect unequivocally appears." *Miller v. United States*, 294 U.S. 435, 439 (1935).

We do not think the provisions of the 1940 Act on which Mr. Friend relies reflect a legislative intention that they should apply retroactively. Section 201(e) of the Act—the provision that liberalized the residency requirement in a manner favorable to Mr. Friend—does not itself say anything about applying retroactively to individuals born before the 1940 Act's effective date. *See supra* note 1. But Mr. Friend contends that § 205—the provision applicable to children born out of wedlock, which incorporates § 201(e)—contains language making § 205 retroactive. We quote below the first of § 205's two paragraphs (the only one that could potentially apply here), and italicize the language on which Mr. Friend relies:

> The provisions of section 201, subsections (c), (d), (e), and (g), and section 204, subsections (a) and (b), hereof apply, *as of the date of birth*, to a child born out of wedlock, provided the paternity is established during minority, by legitimation, or adjudication of a competent court.

Nationality Act of 1940 § 205, 54 Stat. at 1139 (emphasis added).

We do not believe the italicized phrase can be construed as extending the statute's reach retroactively. That phrase instead describes the point at which one's citizenship status, if successfully established, takes effect. The statute is retroactive in that sense—it confers citizenship as of the date

of the child's birth, even if the child's paternity is not established until years later. *See Tuan Anh Nguyen v. INS*, 533 U.S. 53, 72 (2001) (interpreting successor statute, 8 U.S.C. § 1409(a)); *Miller v. Albright*, 523 U.S. 420, 431 (1998) (opinion of Stevens, J.) (same). The italicized phrase does not speak to whether the statute applies to individuals born before the 1940 Act's effective date.

If there were any doubt on that score, it is dispelled by the language of the second paragraph of § 205, which Congress *did* make applicable to individuals born before the Act's effective date. In doing so, however, Congress used language (italicized below) not found in the first paragraph:

> In the absence of such legitimation or adjudication, the child, *whether born before or after the effective date of this Act*, if the mother had the nationality of the United States at the time of the child's birth, and had previously resided in the United States or one of its outlying possessions, shall be held to have acquired at birth her nationality status.

Nationality Act of 1940 § 205, 54 Stat. at 1140 (emphasis added). Had Congress intended to make the first paragraph of § 205 retroactive, it would have included the same language in that paragraph as well. *See Russello v. United States*, 464 U.S. 16, 23 (1983).

A second obstacle bars Mr. Friend's claim, even if we were to construe the first paragraph of § 205 as applying retroactively. The first paragraph of § 205 requires, as a condition precedent to acquiring citizenship, that the child's paternity have been established by legitimation or

adjudication *during minority*, which at the time relevant here was up to age 21.  *Ablang v. Reno*, 52 F.3d 801, 803 (9th Cir. 1995); *see* Nationality Act of 1940 § 101(g), 54 Stat. at 1137. (That was a change from prior law; under Revised Statutes § 1993, the State Department had permitted children born abroad and out of wedlock to acquire citizenship through their citizen father so long as the father legitimated the child, even after the age of majority.  *See Miller*, 523 U.S. at 462 (Ginsburg, J., dissenting).)  Mr. Friend concedes that he cannot satisfy this condition.  He contends that his paternity was established by legitimation when his parents married in 1958, but that occurred when he was 27 years old, well after the period of minority ended.  Mr. Friend cannot claim the benefit of § 205's retroactive application—and with it the assistance of § 201(e)'s liberalized residency requirement— but at the same time assert that he is exempt from complying with § 205's legitimation requirement.[2]

We need not resolve Mr. Friend's alternative argument that § 205 violates equal protection principles.  Mr. Friend contends that granting mothers the benefit of § 205's retroactive application in the second paragraph of the statute, but denying that benefit to fathers in the first paragraph, results in unconstitutional gender discrimination.  Even if we were to agree with that argument, the remedy would be to make the first paragraph of § 205 retroactive.  *See Wauchope v. U.S. Dep't of State*, 985 F.2d 1407, 1418 (9th Cir. 1993).

---

[2] Mr. Friend asserts that the former Immigration and Naturalization Service (INS) did not construe § 205's legitimation requirement as applying retroactively.  But the INS interpretation letter he cites merely states that the 1940 Act's age limit on legitimation does not apply to those seeking citizenship under *earlier* acts, which had no such age limit.  INS Interp. Ltr. 309.1, 2001 WL 1333861, at *2 & n.13 (Oct. 2001); *Matter of L–*, 3 I. & N. Dec. 225, 225–26 (BIA 1948).

That would still leave Mr. Friend unable to meet the first paragraph's requirement that his paternity have been established by legitimation or adjudication during minority. That requirement, although imposed only on fathers, is constitutional. *See Tuan Anh Nguyen*, 533 U.S. at 62, 70; *Ablang*, 52 F.3d at 805–06. Thus, it would survive even if Mr. Friend prevailed on his equal protection argument regarding the gender discriminatory nature of § 205's retroactive effect.

**AFFIRMED.**